## In re NARRAGANSETT CLOTHING COMPANY, Debtor.

### Bankruptcy No. 90–10149.

United States Bankruptcy Court,
D. Rhode Island.

Dec. 10, 1990.

Joseph Garb, trustee by Gregory W. Hamilton, Winograd, Shine & Zacks, P.C., Providence, R.I.

## MOTION TO AMEND DECISION

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Joseph Garb, Trustee, pursuant to Rule 7052 of the Bankruptcy Rules, respectfully represents as follows:

1. On October 4, 1990, this Court entered a Decision and Order on the Motion of Rouse Company for an Order directing the Trustee to pay post-Petition rent, late charges, attorneys' fees, and costs. 119 B.R. 388.

2. Although the Trustee does not intend to appeal the Decision, the Trustee does take exception to certain findings of the Court which are contrary to the record and hereby requests the Court to amend its Decision accordingly.

3. First, on page 389 of the Decision, the Court states that "the Trustee has acknowledged his obligation to pay post–Petition rent, but has *consistently failed* to comply with orders specifically directing him to do so" [emphasis added]. The Trustee takes exception to the above finding as being contrary to the facts. The Motions which were the subject of the Decision covered only 2 of the 40 leased premises of the Debtor. The Trustee has complied with all the Orders entered by the Court with respect to all other locations. The only other rental payments not made were for approximately 10 locations that the Debtor had closed upon the filing of its Chapter 11 Petition on February 5, 1990. When the Trustee was appointed on April 5, 1990, these payments were not then covered by the Orders entered by the Court. The Orders subsequently entered by the Court were followed by the Trustee.

4. Second, on page 389 of the Decision, the Court states that "[O]n March 7, 1990, the Trustee filed the first of several motions to extend time to assume or reject non-residential real estate leases." While on March 7, 1990, the Debtor filed such a

---

Motion, the Trustee respectfully submits that he was not appointed until April 5, 1990, and therefore, the filing of any Motions on his behalf occurred after that time.

5. Third, with respect to those leases under which the Trustee failed to pay the rent, the Orders of this Court included provisions that if the Trustee failed to make the payments, the leases would be deemed automatically rejected. These provisions offered the Trustee with an efficient method of rejecting the leases by not paying the rent. At no time did the Trustee contest the rejection.

WHEREFORE, Joseph Garb, Trustee, prays that this Court, pursuant to Rule 7052 of the Bankruptcy Rules, amend its Decision of October 4, 1990 in accordance with the above statements and grant any further relief that this Court deems proper and just.

Motion Granted.